United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60620
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MENIONTI HALL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CR-51-1
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Menionti Hall appeals the sentence imposed after she pleaded guilty to conspiracy to transfer and use without lawful authority means of identification of other persons in or affecting interstate commerce with the intent to commit felonies including wire fraud and mail fraud, and to aiding and abetting in the unlawful use of the identity of another in order to fraudulently obtain a student loan check, in violation of 18 U.S.C. §§ 1028(a)(7) and (b)(1)(D), 1028(f), 1341, and 1343. Hall and others obtained student loans using the stolen identities of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

others as co-signors on the student loan applications. The district court decided to upwardly depart from the advisory guidelines range of 24 to 36 months and sentenced Hall to 60 months of imprisonment.

When a defendant appeals a sentence imposed pursuant to the advisory guidelines scheme required by United States v. Booker, 543 U.S. 220 (2005), this court determines whether the sentence was reasonable. United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). The sentencing court's factual findings are accepted unless clearly erroneous, and the application of the Guidelines is reviewed de novo. Id.

Hall characterizes her sentence as a non-guidelines sentence and argues that the district court was therefore required to more thoroughly articulate its reasons for the sentence, but failed to do so. The record does not support Hall's characterization of her sentence as a non-guidelines sentence, however. The district court specifically noted during the sentencing hearing that it was departing above the advisory guideline range pursuant to application note 19 of § 2B1.1.

Because the district court upwardly departed pursuant to a provision within the Guidelines, Hall's sentence is a guidelines sentence, and the decision to depart is reviewed for abuse of discretion. See Smith, 440 F.3d at 707; see also United States v. Simkanin, 420 F.3d 397, 415-16 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006). A sentencing court does not abuse its

discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); (2) are authorized by 18 U.S.C. § 3553(b); and (3) are justified by the facts of the case. United States v. Saldana, 427 F.3d 298, 310 (5th Cir. 2005), cert. denied, 126 S. Ct. 1097 (2006).

The district court articulated its reasons for the departure, noting that Hall caused harm not only to the companies providing the student loans, but also to the victims whose identities were stolen to secure the loans and that the type of damage suffered by the victims is specifically the kind addressed in § 2B1.1, application note 19. Hall's victims have been denied both student and consumer loans and have suffered substantial inconvenience related to the repair of their damaged credit. Moreover, the extent of the departure, while significant, is not unreasonable.

The district court did not abuse its discretion in imposing the departure, and neither the district court's decision to depart upward nor the extent of the departure are unreasonable.

AFFIRMED.